FILED

OCT 22 2013

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

  v.

JUVENAL SANCHEZ-ISLAS, a.k.a. Juan
Carlos Andrade-Gomez,

        Defendant - Appellant.

No. 12-30151

D.C. No. 2:10-cr-00055-RSL

MEMORANDUM[*]

Appeal from the United States District Court
for the Western District of Washington
Robert S. Lasnik, District Judge, Presiding

Submitted October 15, 2013[**]

Before:     FISHER, GOULD, and BYBEE, Circuit Judges.

    Juvenal Sanchez-Islas appeals from the district court's judgment and

challenges his guilty-plea conviction and 180-month sentence for conspiracy to

distribute and possession with intent to distribute methamphetamine, and

conspiracy to distribute heroin, in violation of 21 U.S.C. §§ 841(a)(1),

---

    [*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

    [**]     The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

841(b)(1)(A), and 846. Pursuant to *Anders v. California*, 386 U.S. 738 (1967), Sanchez-Islas's counsel has filed a brief stating that there are no grounds for relief, along with a motion to withdraw as counsel of record. Sanchez-Islas has filed a pro se supplemental opening brief. The government has not filed an answering brief. Our independent review of the record pursuant to *Penson v. Ohio*, 488 U.S. 75, 80 (1988), discloses no arguable grounds for relief as to Sanchez-Islas's conviction. We accordingly affirm his conviction.

Sanchez-Islas waived the right to appeal his sentence. Because the record discloses no arguable issue as to the validity of the sentencing waiver, we dismiss Sanchez-Islas's appeal of his sentence. *See United States v. Watson*, 582 F.3d 974, 986-88 (9th Cir. 2009).

We decline to address Sanchez-Islas's claim of ineffective assistance of counsel on direct appeal as the record is insufficiently developed and his legal representation was not so inadequate that it can be concluded at this point that he obviously was denied his Sixth Amendment right to counsel. *See* 28 U.S.C. § 2255; *United States v. McKenna*, 327 F.3d 830, 845 (9th Cir. 2003).

Counsel's motion to withdraw is **GRANTED.**

**AFFIRMED in part; DISMISSED in part.**

12-30151